IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| PATRICIA SLOAN, | * |
| Plaintiff, | * |
| v. | * CV 623-072 |
| VIDALIA CITY SCHOOL SYSTEM, | * |
| Defendant. | * |

**O R D E R**

Before the Court is the Parties' joint motion for settlement approval. (Doc. 20.) Plaintiff asserts claims against Defendant for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, seeking unpaid wages, liquidated damages, and attorneys' fees and costs. (Doc. 8, at 6-7.) Pursuant to Eleventh Circuit precedent and the FLSA, the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering judgment. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). For the following reasons, the Parties' motion for settlement approval is **DENIED**.

**I. DISCUSSION**

Congress enacted the FLSA to protect workers from oppressive working hours and substandard wages. Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). Because workers and

employers often possess unequal bargaining power, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement falling below the FLSA's minimum employee protections. Barrentine, 450 U.S. at 740. Accordingly, FLSA provisions are not subject to bargaining, waiver, or modification either by contract or settlement, except for two narrow exceptions. Lynn's Food Stores, 679 F.2d at 1352.

The first exception involves actions taken by the Secretary of Labor and therefore is inapplicable to the proposed settlement in this case. See id. at 1353. The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). Id. In such instance, the Parties must present the proposed settlement to the court, and the court may approve it "after scrutinizing the settlement for fairness." Id. (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8 (1946)). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]" then the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed

2

issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. The settlement can cover unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of the action. 29 U.S.C. § 216(b).

**A. Bona Fide Dispute**

Before accepting the proposed settlement, the Court must determine whether a true conflict exists. A true conflict requires a bona fide dispute over FLSA provisions. Lynn's Food Stores, 679 F.2d at 1354-55. Initiation of "a suit brought by employees under the FLSA for back wages . . . provides some assurance of an adversarial context." Id. at 1354; see Barnes v. Ferrell Elec., Inc., No. CV 113-056, 2013 WL 5651903, at *1 (S.D. Ga. Oct. 16, 2013) ("Plaintiff filed suit and is represented by counsel, which provides some indication that a true conflict exists between Plaintiff and her employer").

Plaintiff filed suit for unpaid overtime wages and is represented by counsel, suggesting a true adversarial conflict exists. (See Doc. 8.) Further, the Parties represent they are in dispute as to the number of hours Plaintiff worked, whether liquidated damages are appropriate, the merits of Defendant's good-faith defense, and the proper calculation for any unpaid overtime. (Doc. 20, at 2.) Therefore, the Court finds the presence of a bona fide dispute and now turns to the fairness and reasonableness of the settlement.

3

**B. Fairness and Reasonableness of Settlement Amount**

Courts have considered several factors in determining whether an FLSA settlement is fair and reasonable, such as:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hirsch v. Mister Sparky, Inc., No. 1:09-CV-2897, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010) (citations omitted). Courts, however, apply a strong presumption of fairness to FLSA settlements. Kyles v. Health First, Inc., No. 6:09-cv-1248, 2010 WL 11626713, at *2 (M.D. Fla. Oct. 26, 2010) (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The settlement amount proposed here is fair and reasonable. First, the Court finds no evidence of fraud or collusion: both Parties were independently represented by counsel through the litigation and settlement process and have "engaged in arms-length settlement negotiations." (Doc. 20, at 1, 4.) Second, both Parties acknowledge substantial uncertainties surrounding liability and damages. (Id. at 3.) Third, the Parties indicate they took into consideration the evidence in support of their respective positions. (Id.) Fourth, both Parties dispute the number of hours Plaintiff worked as well as the calculations of Plaintiff's pay; however, the Parties indicate this settlement was reached following a review of all the available time and pay

4

records, and further acknowledge the difficulty in determining these amounts based on the available records. (Id.) Finally, Plaintiff's proposed back-wages and liquidated damages fall reasonably within the possible range of recovery. (Id.) Here, the proposed settlement awards Plaintiff $1,001.48 in back-wages and $1,001.48 in liquidated damages. (Doc. 20-1, at 2.) As to the amount of back-pay awarded, the Complaint does not allege a specific amount to which Plaintiff is seeking. (See Doc. 8.) However, it does state that Plaintiff was paid only $128.00 for "working well over forty (40) hours per week for nine (9) weeks, and about twelve (12) hours per week for three (3) weeks."[1] (Id. at 4.) Notably, "where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim . . . ." Gerena v. Cato Env't Servs., Inc., No. 6:07-CV-1540, 2009 WL 975537, at *2 (M.D. Fla. Apr. 9, 2009). Nonetheless, the Parties represent that the actual time worked is in dispute and the proposed settlement amount is within the range of damages Plaintiff could potentially recover at trial if successful. (Doc. 20, at 3.) Thus, the Court finds there is sufficient evidence to find the settlement agreement represents a fair compromise of Plaintiff's claims, especially considering the strong presumption of fairness of FLSA settlements. Kyles, 2010 WL 11626713, at *2.

---

[1] Applying Plaintiff's purported "salary" of $1,100.00/month, the Complaint seeks roughly $3,300.00 for back-wages, not accounting for the overtime payments also claimed. (See Doc. 8, at 2)

As to the liquidated damages, because the liquidated damages awarded are equal to the unpaid wages awarded, the Court finds them fair and reasonable. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . in an additional equal amount as liquidated damages.") Based on the foregoing, the Court finds the settlement amount fair and reasonable.

**B. Fairness and Reasonableness of Attorneys' Fees**

The Court now turns to the attorneys' fees. When a plaintiff settles for less than a full recovery, costs or fees paid to plaintiff's counsel are improper unless they are fair and reasonable. See Silva v. Miller, 307 F. App'x 349, 350-51 (11th Cir. 2009). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. at 351.

The proposed settlement agreement represents Plaintiff's counsel will receive $6,817.00 for attorneys' fees and costs. (Doc. 20-1, at 2-3.) However, the Parties provide no breakdown or documentation to support this request. As such, the Court cannot approve the requested attorneys' fees because the Parties have not shown the amount requested is fair and reasonable.

6

The Parties must provide documentation to demonstrate how the requested fees are reasonably related to the work completed in this case. <u>Lynch v. Equity Auto Loan, LLC</u>, No. CV410-058, 2011 WL 13284447, at *1 (S.D. Ga. Feb. 7, 2011) ("The Court cannot fulfill its duty of inquiry with absolutely no documentation as to how attorneys' fees were computed." (citation omitted)). The Parties should provide records that show the time Plaintiff's counsel spent on the case, the general subject matter of the time expenditures, fairly definite information concerning activities, and bear in mind that time spent on purely clerical tasks is not reimbursable and shall be omitted. <u>See</u> <u>Norman v. BPR Brampton LLC</u>, No. 6:20-CV-95, 2021 WL 2877601, at *5 (S.D. Ga. July 8, 2021) (citations omitted); <u>see also</u> <u>Cummings v. Bignault & Carter, LLC</u>, No. CV418-244, 2019 WL 2207656, at *2 (S.D. Ga. May 21, 2019) (explaining that one of "the most basic tenants of the FLSA" is "demonstrat[ing] to the Court that any requested attorney's fee is reasonable" (citing <u>Silva</u>, 307 F. App'x at 351)). Because the Parties failed to provide sufficient evidence for the Court to determine whether the requested attorneys' fees are reasonable, the Court cannot approve the settlement agreement.

**C. Release Provisions**

Additionally, the Court cannot approve the Parties' proposed settlement agreement because the release provisions are pervasive. The Parties' proposed settlement agreement contains a release provision providing

7

> [Plaintiff] does knowingly and voluntarily release and forever discharge [Defendant] from any and all actions . . . whether known or unknown, which [Plaintiff] ever had, now has, or may or might in the future have . . . that arise by reason of or in any way connected with . . . or are or may be related to or with: (a) [this action]; (b) any claim for unpaid wages, minimum wages, overtime, or any other form of wages or compensation or reimbursement under the [FLSA] or any other federal, state or local law; and (c) any claims for attorneys' fees, costs, or expenses pursuant to the FLSA . . . or as otherwise may be allowed by law.

(Doc. 20-1, at 3-4.) Because this provision could be interpreted to release Defendants from non-FLSA claims, it is impermissibly pervasive. See Melvin v. People Sales & Profit Co., No. CV 214-012, 2015 WL 13648559, at *1 (S.D. Ga. Jan. 23, 2015); see also Cantrell v. Bryan Cnty. Bd. of Educ., No. CV 415-169, 2015 WL 10057707, at *2 (S.D. Ga. Dec. 21, 2015). Therefore, the Court cannot approve the Parties' proposed settlement agreement containing this provision.

**D. Effective Date**

The Court cannot approve the settlement agreement for another reason – the purported effective date as to Plaintiff. The settlement agreement reads, "This Agreement shall become effective and binding upon [Plaintiff] upon her execution of the Agreement and shall be irrevocable." (Doc. 20-1, at 3.) As to Defendant, on the other hand, it reads, "This Agreement shall not become effective . . . and [Defendant] shall have no obligation . . . unless and until such date (the 'Effective Date') as the Court approves in its entirety the Joint Motion and enters an order

8

approving this Agreement and dismissing [this action] with prejudice." (Id.) This provision, in effect, binds Plaintiff to the proposed settlement agreement prior to Court approval while reserving the same as to Defendant until after Court approval. In doing so, the provision "negate[s] the necessity of Court approval of an FLSA settlement agreement" as to Plaintiff. Walker v. JRCL, Inc., No. CV420-018, 2021 WL 5541788, at *3 (S.D. Ga. Nov. 8, 2021) (citation omitted)). With such a provision, the Court cannot approve the proposed settlement agreement.

**E. Modification Provision**

Finally, the Court cannot approve the settlement agreement because it includes a modification clause. The settlement agreement states, "This Agreement may not be altered, amended, modified, or otherwise changed in any respect or manner whatsoever except by a writing duly executed by [Plaintiff] and authorized representative of [Defendant]." (Doc. 20-1, at 5.) This provision is also unenforceable due to its ability to "negate the necessity of Court approval of an FLSA settlement agreement or modification thereof." Walker, 2021 WL 5541788, at *3 (citation omitted). "FLSA rights cannot be abridged by contract or otherwise waived . . . ." Lynn's Food Stores, 679 F.2d at 1352 (citing Barrentine, 450 U.S. at 740). With such a provision, the Court cannot approve the proposed settlement agreement.

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Parties' joint motion to approve settlement. (Doc. 20.) Within **FOURTEEN (14) DAYS** of the date of this Order, the Parties may file on the public docket a revised motion for approval of their settlement agreement with an amended agreement appended that addresses the issues discussed herein. If the Parties do not move for approval of their revised settlement agreement within **FOURTEEN (14) DAYS**, the Court **DIRECTS** the Parties to submit a status report setting forth the status of settlement discussions.

**ORDER ENTERED** at Augusta, Georgia, this 21ST day of July, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA