**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | |
|---|---|
| **PATRICIA SLOAN,** ) | |
| ) | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** ) | |
| ) | **6:23-CV-00072-JRH-BKE** |
| v. ) | |
| ) | |
| **VIDALIA CITY SCHOOL SYSTEM,** ) | |
| ) | |
| **Defendant.** ) | |

### FLSA SETTLEMENT AND RELEASE AGREEMENT

**1.   Parties and Released Parties:**

This document sets forth the terms and conditions of the FLSA Settlement and Release Agreement (hereinafter "Agreement") by and between Patricia Sloan (hereinafter "the Releasor") and Vidalia City School System (hereinafter "the Employer"). The term "Releasees" as used herein shall be defined as the Employer and all of its departments, divisions, agencies, authorities, and affiliates and their past, present, and future officers (including Constitutional officers), directors, employees, agents, elected and appointed persons, insurers, and attorneys, in their individual and official capacities, together with their predecessors, successors, and assigns, both jointly and severally. In consideration of the mutual covenants and agreements set forth below, the parties agree as follows:

**2.   Payment and Consideration:**

A.   Following the effective date of this Agreement, as provided for herein, the Employer will pay to the Releasor and the Releasor's attorney a total payment of eight thousand eight hundred twenty dollars and seventy-six cents ($8,820.76), which will be paid and apportioned as follows:

   i.   One check made payable to "Patricia Sloan" in the gross amount of one thousand one dollars and forty-eight cents ($1,001.48), less all applicable taxes and withholdings required by law based on the current W-4 and G-4 documents on file with the Employer as of the end of the Releasor's employment, in compensation for the Releasor's claims for alleged unpaid wages and overtime, and which will be reported to the Releasor on a Form W-2;

   ii.   One check made payable to "Patricia Sloan" in the amount of one thousand one dollars and forty-eight cents ($1,001.48), with no deductions or withholdings made, which is in compensation for the Releasor's claims for liquidated damages, and which will be reported to the Releasor on a Form 1099; and

   iii.   One check made payable to Hall Gilligan Roberts & Shanlever, LLP in the amount of six thousand eight hundred seventeen dollars and eighty cents ($6,817.80), with no

deductions or withholdings made, in compensation for the Releasor's attorney's fees, costs, and expenses, and which will be reported to the Releasor's counsel on a Form 1099.

B.     The checks set forth above will be mailed to the Releasor's counsel, Kristen W. Goodman, to the address of Hall Gilligan Roberts & Shanlever, LLP, 7402 Hodgson Memorial Drive, Suite 110, Savannah, Georgia 31406, following the Effective Date of this Agreement, as provided for herein. Executed W9 forms from both the Releasor and her counsel are necessary to issue the above payments.

C.     The Releasor acknowledges and agrees that the payments set forth above representing unpaid wages, overtime, and liquidated damages fairly and fully compensate her for all overtime and other wages allegedly owed to her by the Employer, and that they constitute full and complete payment of any unpaid overtime and other wages allegedly owed to her at the time of her execution of this Agreement.

### 3.     Motion to Approve Settlement and Effective Date

A.     For and in consideration of the payments and benefits specified in paragraph 2, and other good and valuable consideration, the Releasor agrees to dismiss with prejudice her First Amended Complaint that currently is pending in the United States District Court for the Southern District of Georgia, Statesboro Division, styled *Patricia Sloan v. Vidalia City School System*, Civil Action File No. 6:23-CV-00072-JRH-BKE ("the Civil Action").

B.     Following their execution of this Agreement, the Releasor and the Employer agree to jointly file in the Civil Action the Renewed Joint Motion to Approve Settlement Agreement and Dismiss Claims that is attached to this Agreement as Exhibit 1 ("the Joint Motion"), attaching thereto an executed copy of this Agreement. The parties will cooperate and take all necessary steps to effectuate final judicial approval of the Joint Motion.

C.     This Agreement shall not become effective as to either party, and the Employer shall have no obligation to make the payments set forth in paragraph 2, unless and until such date ("the Effective Date") as the Court approves in its entirety the Joint Motion and enters an order approving this Agreement and dismissing the Civil Action with prejudice. If the Court does not grant the Joint Motion or approve this Agreement or dismiss the Civil Action with prejudice for any reason, then this Agreement will become voidable by either party in their discretion and option.

### 4.     Release of Claims:

For and in consideration of the payments specified in paragraph 2, and other good and valuable consideration, the Releasor does knowingly and voluntarily release and forever discharge the Releasees from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims, and demands whatsoever, in law or in equity, whether known or unknown, which the Releasor ever had, now has, or may or might in the future have against the Releasees based on any acts, omissions, transactions, or occurrences whatsoever from the date of the beginning of the world to the effective date of this Agreement, that arise by reason of or in any way are connected with, or which are or may be based in whole or in part on, or do or may arise out of, or are or may be related to or with: (a) the Civil Action; (b) any claim for unpaid wages, minimum wages, overtime, or any other form of wages or compensation or reimbursement under the Fair Labor

Standards Act ("FLSA"); and (c) any claims for attorneys' fees, costs, or expenses pursuant to the FLSA.

5. **Covenant Not To Sue:**

Unless otherwise prohibited by law, the Releasor agrees, covenants, and warrants to the Employer that neither the Releasor, nor any person, organization, or other entity acting on the Releasor's behalf has or will: (a) sue or cause or permit suit against the Releasees upon any claim released by this Agreement; (b) participate in any way in any such suit or proceeding; or (c) execute, seek to impose, collect or recover upon, or otherwise enforce or accept any judgment, decision, award, warranty, or attachment upon any claim released by this Agreement.  Unless otherwise prohibited by law, in the event of any claim by an agency or federal or state government or a claim by any person against the Releasees for conduct by the Releasees against the Releasor for any conduct arising prior to the effective date of this Agreement, the Releasor waives her right to personally recover any monetary amount in any such proceedings, and the Releasor further agrees and covenants to return to the Employer upon receipt any sums paid to or otherwise received by the Releasor pursuant to any such claim.

6. **Non-Admission:**

The Releasor acknowledges that the consideration provided for this Agreement, including the payments and benefits set forth in paragraph 2, does not constitute any admission of liability or wrongdoing on the part of the Employer or any of the Releasees, by whom any and all liability or wrongdoing of any kind is expressly denied.  The Employer and Releasees specifically deny any liability to Releasor for any unpaid overtime, liquidated damages, or other alleged compensation due under the FLSA or any other applicable wage payment law, but have entered into this Agreement solely for convenience and the avoidance of litigation.  This Agreement shall not be deemed an admission of liability, wrongdoing, or a violation of any law, rule, regulation or order, of any kind, such being expressly denied.

7. **Successors and Assigns:**

This Agreement shall be binding upon the Releasor and the Releasor's heirs, executors, administrators, assigns, successors, beneficiaries, employees, and agents, and shall inure to the benefit of the Releasees and their predecessors, successors, and assigns.  The Releasor represents and warrants that she has not assigned, sold, or otherwise conveyed any claim released herein.

8. **Entire Agreement and Severability:**

A.   This Agreement constitutes the entire agreement between the Releasor and the Employer pertaining to those subjects contained herein and supersedes all prior and contemporaneous agreements, representations, and understandings.

B.   In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

9. **<u>Miscellaneous</u>:**

   A. This Agreement is executed by the Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities, or value of the Releasor's claims. The Releasor acknowledges that no promise or inducement has been offered or made except as set forth in this Agreement. The Releasor further acknowledges that consideration for this Agreement consists of financial payments and benefits to which the Releasor otherwise has no legal entitlement.

   B. The Releasor acknowledges and agrees that she has had reasonable and sufficient time in which to consider whether or not she wishes to enter into this Agreement, and that her decision to do so is made knowingly, voluntarily, and without coercion. The Releasor acknowledges that she has the right and opportunity to consult fully with legal counsel or any other advisor of her choice prior to signing this Agreement, and that the Releasor is advised to consult with legal counsel prior to signing this Agreement. In that regard, the Releasor acknowledges that, before signing this Agreement, the Releasor has read and understands each paragraph herein.

   C. The Releasor acknowledges that neither the Releasees nor their attorneys make or have made any representation as to the tax consequences, if any, of the provisions of this Agreement. the Releasor agrees to pay, and acknowledges that she remains fully and solely liable to pay, all federal, state, and local taxes, if any, which are required by law to be paid with respect to this settlement. The Releasor further agrees to indemnify and hold harmless the Releasees from any claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries by any government entity against the Employer or any of the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws and from any costs, expenses, or damages sustained by the Employer or any of the Releasees by reason of any such claims, including any amounts paid as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest, or otherwise.

   D. This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax and/or scanned signatures in lieu of original signatures are acceptable.

**IN AGREEMENT HERETO**, Releasor and the below representative of the Employer do hereby set their hand and seal.

_____            _____
Patricia Sloan (SEAL)                             Sandy D. Reid, PhD (SEAL)
                                                  Superintendent, Vidalia City School System


_____            _____
Date                                              Date


Sworn to and subscribed
before me this \_\_\_\_\_ day
of _____, 2025.


_____
Notary Public

My Commission Expires:

_____