IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| PATRICIA SLOAN, | * | |
| Plaintiff, | * | |
| v. | * | CV 623-072 |
| VIDALIA CITY SCHOOL SYSTEM, | * | |
| Defendant. | * | |

O R D E R

Before the Court is the Parties' renewed joint motion for settlement approval. (Doc. 22.) Pursuant to Eleventh Circuit precedent and the Fair Labor Standards Act ("FLSA"), the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering judgment. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). On July 21, 2025, the Court denied the Parties' original joint motion for settlement approval (Doc. 21), and they have now submitted a renewed motion (Doc. 22); amended agreement (the "Agreement") (Doc. 22-1); the curriculum vitae of Plaintiff's attorney, Kristen W. Goodman, (Doc. 22-2); and a record of attorney's fees, time entries, and litigation costs (Doc. 22-3). For the following reasons, the Parties' renewed motion (Doc. 22) is **GRANTED**.

# I. DISCUSSION

The Court previously found the presence of a bona fide dispute and a fair and reasonable settlement amount. (Doc. 21, at 3-6.) However, the Court denied the Parties' original motion because (1) the Parties failed to provide sufficient evidence for the Court to determine whether the requested attorneys' fees are fair and reasonable; (2) the release provisions were impermissibly pervasive; (3) the effective date unjustly bound Plaintiff to the proposed settlement agreement; and (4) the modification provision was unenforceable. (Id. at 6-9.) The Court reviews the Agreement for these deficiencies.

## A. Fairness and Reasonableness of Attorneys' Fees

After considering the newly submitted evidence of attorney's fees, time entries, and litigation costs, the Court may now determine whether the attorney fees requested for Plaintiff's services are fair and reasonable. (Docs. 22-2, 22-3.) When a plaintiff settles for less than a full recovery, costs or fees paid to plaintiff's counsel are improper unless they are fair and reasonable. See Silva v. Miller, 307 F. App'x 349, 350-51 (11th Cir. 2009). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. at 351. The district court determines what fee is reasonable by multiplying the number of hours reasonably

2

expended on the litigation by a reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). The product of this formula is the "lodestar." <u>Loranger v. Stierheim</u>, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." <u>Norman v. Hous. Auth. of City of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11 (1984)). Generally, the relevant legal community is that of the place where the case is filed. <u>See</u> <u>Cullens v. Ga. Dep't of Transp.</u>, 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market for the Court is Statesboro, Georgia.

The Agreement provides Plaintiff's counsel will receive $6,817.80 for attorneys' fees, costs, and expenses. (Doc. 22-1, at 2-3.) This amount consists of $6,167.00 in attorney's fees and $650.80 in expenses prosecuting the action.[1] (Doc. 22-3, at 3.) Plaintiff's counsel attached an itemized billing record for Hall, Gilligan, Roberts & Shanlever, LLP's attorneys and staff. (<u>Id.</u> at 2-3.) The billing record reflects an hourly rate of $350.00 for Plaintiff's attorney, Kristen W. Goodman, and $140.00 for her paralegal, Jenny M. Stewart. (<u>Id.</u>) Plaintiff's attorney also attached the curriculum vitae of Kristen W. Goodman, which reflects

---

[1] The itemized billing record shows $691.18 in expenses, but the request eliminates the $40.38 spent on UPS to Plaintiff. (Doc. 22-3, at 3.)

3

thirty-six years of experience including currently working as a managing partner of an employment and business law firm, previously founding her own law firm, formerly working as lead appellate Assistant United States Attorney, and completing an Eleventh Circuit clerkship. (Doc 22-2, at 1-3.)

Here, the Court finds that the requested attorney rate is reasonable in the Statesboro market. The Statesboro Division has previously held a reasonable rate for an experienced attorney is $300/hour. Mincey v. Green Toad LLC, No. CV 621-048, 2022 WL 1046360, at *4 (S.D. Ga. Apr. 7, 2022); see also Norman v. BPR Brampton LLC, No. 6:20-CV-95, 2021 WL 5507227, at *4 (S.D. Ga. Nov. 24, 2021) (finding hourly rate of $250.00 to be reasonable in Statesboro for attorney with ten years of experience); Neville v. McCaghren, No. CV 617-075, 2019 WL 1085197, at *1 (S.D. Ga. Mar. 7, 2019) (approving hourly rate of $250.00 in Statesboro). However, the Court is persuaded that the current reasonable hourly rate for the Statesboro legal market requires adjustment. See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) ("Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment."). Turning to Ms. Goodman, she represents over thirty-five years of legal experience with most years spent working in employment law. (Doc. 22-2, at 2-4.) Upon consideration of Plaintiff's attorney's experience and accounting

for inflation and higher billing rates, the Court approves the rate of $350.00/hour.

The Court now turns to Plaintiff's paralegal's requested rate of $140.00/hour. Again, adjusting for inflation and increased billing rates over time, the Court finds this rate reasonable for the Statesboro market. See Norman, 2021 WL 5507227, at *4 (finding rate of $95.00/hour to be reasonable in Statesboro for attorneys' paralegals). Thus, the Court approves the paralegal rate of $140.00/hour.

The Court now turns to the amount of time for which Plaintiff's attorney seeks to be compensated. Plaintiff presented itemization for 11.5 hours of work for Ms. Goodman and 15.3 hours of work by Ms. Stewart. (Doc. 22-3, at 2-3.) A review of the line-item entries reveals Plaintiff's requested number of hours is reasonable. (Id.) Therefore, the Court approves Plaintiff's requested attorney's fees and expenses totaling $6,817.80. (Doc. 22-1, at 2-3.)

### B. Release Provision

The Parties amended the release provision in the Agreement. Previously, the Court could not approve the proposed settlement agreement because the release was impermissibly pervasive. (Doc. 21, at 7-8.) Now, the Agreement contains a release provision providing

> [Plaintiff] does knowingly and voluntarily release and forever discharge [Defendant] from any and all actions . . . whether known or unknown, which [Plaintiff] ever

5

> had, now has, or may or might in the future have . . . that arise by reason of or in any way are connected with . . . or are or may be related to or with: (a) [this action]; (b) any claim for unpaid wages, minimum wages, overtime, or any other form of wages or compensation or reimbursement under the [FLSA]; and (c) any claims for attorneys' fees, costs, or expenses pursuant to the FLSA.

(Doc. 22-1, at 3-4.) Because the Parties removed the phrase "or any other federal, state or local law," this provision can no longer be interpreted to release Defendants from non-FLSA claims. (See Doc. 20-1, at 3-4; Doc. 22-1, at 3-4.) Therefore, the Court has no concerns with approving the Agreement based on this provision.

## C. Effective Date

The Parties additionally amended the purported effective date for the Plaintiff. The Parties' previous proposed settlement would have become effective and irrevocable on Plaintiff upon her execution of the Agreement, but it did not become effective on Defendant until after the Court's approval. (Doc. 20-1, at 3); see Walker v. JRCL, Inc., No. CV420-018, 2021 WL 5541788, at *3 (S.D. Ga. Nov. 8, 2021) (such a "provision is an unenforceable attempt to negate the necessity of Court approval of an FLSA settlement agreement"). The relevant provision now only binds either party to the agreement after "the Court approves in its entirety" and dismisses the action with prejudice. (Doc. 22-1, at 3.) Therefore, the Court accepts this provision because it no

longer binds Plaintiff to the settlement agreement before Court approval without binding Defendant until after Court approval.

### D. Modification Provision

Finally, the Court could not previously approve the settlement agreement due to an unenforceable modification clause. The previous proposed settlement agreement stated, "This Agreement may not be altered, amended, modified, or otherwise changed in any respect or manner whatsoever except by a writing duly executed by [Plaintiff] and authorized representative of [Defendant]." (Doc. 20-1, at 5.)  The Parties have removed the clause from the Agreement.  (See Doc. 22-1.)

Because the four deficiencies have been cured, the Court approves the Agreement.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Parties' renewed joint motion to approve settlement (Doc. 22) and approves the Agreement.  The Parties stipulate to the dismissal of this action with prejudice upon approval of the Agreement.  (Doc. 22-1, at 3.)  Accordingly, **IT IS HEREBY ORDERED** that this matter is

7

DISMISSED WITH PREJUDICE. The Clerk is **DIRECTED to TERMINATE** all other motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of November, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA